UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>                        Plaintiff,<br><br>   v.<br><br>JULIE WILSON,<br><br>                        Defendant. | Case No. 21-cv-00963-BAS-JLB<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND SUBJECTING HIS SUBMISSIONS TO PRE-FILING REVIEW** |

On June 8, 2021, the Court issued an Order to Show Cause Why Plaintiff Should Not Be (1) Sanctioned Under Federal Rule of Civil Procedure 11 or (2) Declared a Vexatious Litigant. (OSC, ECF No. 4.) For the following reasons, the Court hereby declares Kendrick Bangs Kellogg a vexatious litigant and orders that any future complaints filed by him be screened before docketing.

**I.    BACKGROUND**

In the last five years, Kellogg has filed six actions in the Southern District of California, seeking repayment of certain assets plus interest the United States and other federal employees allegedly caused Plaintiff to lose. *Kellogg v. Olsen*, No. 16-cv-00640-BAS-JLB, ECF No. 1 (S.D. Cal. Mar. 15, 2016); *Kellogg. v. Wilson*, No. 17-cv-00353-

BAS-JLB, ECF No. 1 (S.D. Cal. Feb. 22, 2017); *Kellogg. v. Wilson*, No. 17-cv-01505-BAS-JLB, ECF No. 1 (S.D. Cal. July 25, 2017); *Kellogg. v. Wilson*, No. 18-cv-1216-BAS-JLB, ECF No. 1 (S.D. Cal. June 11, 2019); *Kellogg v. Wilson*, No. 19-cv-1121-BAS-JLB, ECF No. 1 (S.D. Cal. June 17, 2019); *Kellogg v. Wilson*, No. 21-cv-963-BAS-JLB, ECF No. 1 (S.D. Cal. May 20, 2021). The complaints in each of these cases have contained substantially identical allegations and spanned some 70-pages of unintelligible pleadings. The Court dismissed all five cases preceding the present case on the pleadings. *See Olsen*, No. 16-cv-00640-BAS-JLB, ECF No. 44 (S.D. Cal. Sep. 29, 2016) (dismissing action without prejudice, finding that Kellogg has failed to oppose the motion to dismiss); *Wilson*, No. 17-cv-00353-BAS-JLB, ECF No. 17 (S.D. Cal. July 11, 2017) (dismissing action with prejudice as frivolous); *Wilson*, No. 17-cv-01505-BAS-JLB, ECF No. 19 (S.D. Cal. Feb. 21, 2018) (dismissing action with prejudice, finding that Kellogg failed to comply with the requirements of Fed. R. Civ. P. 8(a), and precluding Kellogg from filing additional complaints); *Wilson*, No. 18-cv-01216-BAS-JLB, ECF No. 7 (S.D. Cal. Jul. 24, 2018) (dismissing case with prejudice and precluding Kellogg from filing additional complaints containing the same allegations and advising Kellogg that he may be declared a vexatious litigant); *Wilson*, No. 19-cv-01121-BAS-JLB, ECF No. 12 (S.D. Cal. Oct. 24, 2019) (dismissing case with prejudice, finding that Kellogg violated the orders in the previous actions by filing a new action raising the same allegations and warning Kellogg that he may be declared a vexatious litigant). Across the previous actions, Kellogg made forty-four unsuccessful attempts to refile the rejected complaints or file frivolous documents, disregarding this Court's orders and this district's local rules.

On May 20, 2021, Kellogg filed the present action against "Julie Wilson *et al*" with a complaint raising allegations substantially identical to the prior complaints this Court dismissed with prejudice. (Compl., ECF No. 1.) The Court found that the Complaint brings claims indistinguishable from those brought in prior actions this Court dismissed with prejudice and ordered Kellogg to show cause why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure or be declared a vexatious litigant. (OSC,

ECF No. 4.) The Court allowed Kellogg to file a brief and ordered him to appear in person before the Court on June 30, 2021, at 11:30 a.m., in Courtroom 4B. (*Id.*) Kellogg did not file a brief in response to the Court's Order to Show Cause nor did he appear at the hearing as ordered.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1651(a), the All Writs Act, district courts have the inherent power to enter pre-filing orders against litigants who frequently abuse the judicial system by filing lawsuits that are frivolous or harassing. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). District courts may enter such pre-filing orders *sua sponte*. *See De Long v. Hennessey*, 912 F.2d 1144, 1145 (9th Cir. 1990) (affirming a *sua sponte* pre-filing order of the district court declaring the plaintiff a vexatious litigant). Pre-filing orders include those that "enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, the Ninth Circuit cautions that such pre-filing orders "should be rarely filed" given their impact on a litigant's due process right of access to the courts. *See De Long*, 912 F.2d at 1147; *see also Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) ("In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort."). Courts "are particularly reluctant to impede access to the courts for a *pro se* litigant." *Wood v. Santa Barbara Chamber of Com.*, 705 F.2d 1515, 1525 (9th Cir. 1983).

To impose pre-filing restrictions on a litigant, a district court must:

(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147–48).

The first two factors are procedural considerations that "define a specific method or course of action that a district court should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Molski*, 500 F.3d 1057–58. The latter two are substantive considerations to "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy" to prevent abuse while preserving the litigant's access to the courts. *Id.* at 1058.

## III.  ANALYSIS

### A.  Notice and Opportunity to Oppose

The Court's prior orders gave Kellogg repeated notice that he could be declared a vexatious litigant by refiling the complaints that this Court dismissed with prejudice. *See Wilson*, No. 18-cv-01216-BAS-JLB, ECF No. 7 (S.D. Cal. Jul. 24, 2018) (warning Kellogg that he may be declared a vexatious litigant); *Wilson*, No. 19-cv-01121-BAS-JLB, ECF No. 12 (S.D. Cal. Oct. 24, 2019) (same). The Court's Order to Show Cause has served as Kellogg's final notice of the Court's intent to declare him a vexatious litigant. The Court also gave Kellogg an opportunity to submit a brief or be heard in person. (OSC, ECF No. 4.) Kellogg did not file a brief or appear at the hearing.

Based on the above, the first factor is met. *See Ringgold-Lockhart*, 761 F.3d at 1063 (finding a tentative ruling declaring the petitioners a vexatious litigant and an opportunity to submit a brief and make oral argument sufficient to meet the first factor).

### B.  Record for Appellate Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart*, 761 F.3d at 1063 (quoting *De Long*, 912 F.2d at 1147). In *Ringgold-Lockhart*, the Ninth Circuit found that the district court compiled an adequate record by "discuss[ing] and explain[ing] the litigation history leading to its order," and by

append[ing] a list of . . . district court filings, including motions, that it viewed as supporting its order." *See id.* Here, the Court's Order to Show Cause lists the previous actions Kellogg has filed with this Court that raise claims and allegations identical to the present action together with a summary of the dispositions of those actions.[1] The second factor is also satisfied.

### C. Substantive Findings of Frivolousness

In making a finding of frivolousness, the court must "look at 'both the number and content of the filings.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). Here, the number of filings indicate Plaintiff's Complaint is frivolous. This is Kellogg's sixth action filed with the federal court that challenges the same underlying conduct as the prior actions the Court has dismissed with prejudice. In the preceding actions, Kellogg made forty-four unsuccessful attempts to file frivolous documents, disregarding the Court's orders and this district's local rules. The Court also finds the substantive indicia of frivolousness, which may include the determination that the litigant lacked an "objective good faith expectation of prevailing." *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Here, the Court has dismissed Kellogg's action with prejudice four times, each time giving Kellogg an explanation behind the dismissal. *See Wilson*, No. 17-cv-00353-BAS-JLB, ECF No. 17 (S.D. Cal. July 11, 2017); *Wilson*, No. 17-cv-01505-BAS-JLB, ECF No. 19 (S.D. Cal. Feb. 21, 2018); *Wilson*, No. 18-cv-01216-BAS-JLB, ECF No. 7 (S.D. Cal. Jul. 24, 2018); *Wilson*, No. 19-cv-01121-BAS-JLB, ECF No. 12 (S.D. Cal. Oct. 24, 2019). The Court has warned Kellogg twice that the Court may declare him a vexatious litigant if he continues to file duplicative complaints. *Wilson*, No. 18-cv-01216-BAS-JLB, ECF No. 7 (S.D. Cal. Jul. 24, 2018); *Wilson*, No. 19-cv-01121-BAS-JLB, ECF No. 12 (S.D. Cal. Oct. 24, 2019). Yet, Kellogg has refiled a complaint attempting to challenge the same underlying conduct as the previously

---

[1] The Court repeats the list of these cases in this Order. *See supra* Part I.

dismissed complaints. The Court finds that Kellogg did not have an objective good faith expectation of prevailing on the merits of his claims in filing the present Complaint.

As a part of the frivolousness analysis, the court must also consider whether other remedies, such as Rule 11 sanctions, can protect the court and parties. *Ringgold-Lockhart*, 761 F.3d at 1062. The Court has considered Rule 11 sanctions. (OSC at 2–6, ECF No. 4.) Any sanctions under Rule 11 must be limited to monetary sanctions to be paid to the Court where the sanction is being considered *sua sponte*. *See Freeman v. Heiderich*, 177 Fed. App'x 553 (9th Cir. 2006) (citing *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998)). The Court does not find that monetary sanctions would deter Kellogg from re-filing the complaints this Court has dismissed with prejudice. He has spent a cumulative amount of $2,000 to file the four most recent actions. Expending that amount of money clearly did not deter him from continuing to file duplicative actions in defiance of the Court's orders. The Court does not find that other remedies are applicable or adequate to prevent Kellogg from filing more frivolous complaints.

Therefore, the third factor counsels in favor of declaring Kellogg a vexatious litigant.

### D. Narrow Tailoring of the Order

This Order is narrowly tailored to meet only the goal of relieving this Court and other parties from having to respond to the same, frivolous complaints that Kellogg may refile in the future. As discussed above, the Court has reviewed lesser sanctions and conclude that they are inadequate given the facts of this case. Specifically, Kellogg's litigation history demonstrates that he has been unresponsive to the Courts' orders and would not be deterred by monetary sanctions. Therefore, the Court finds that nothing less than a pre-filing order will prevent courts and potential parties from undertaking the burden of responding to Kellogg's repeated, frivolous complaints.

//
//
//

## IV. CONCLUSION

The Court hereby enters the following pre-filing order:

1. Kendrick Bangs Kellogg is hereby barred from participating in the filing of a lawsuit raising the same allegations and claims raised in the present Complaint.

2. If Kendrick Bangs Kellogg wishes to file a complaint in the United States District Court for the Southern District of California, he must first provide the Court with a written request, which must include:

    a. A copy of the complaint he proposes to file;

    b. A copy of this Order;

    c. The following statement in capital letters on the first page of the request: **"THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION, PURSUANT TO THE ORDER OF THIS COURT IN CASE NUMBER 21-CV-00963-BAS-JLB**."; and

    d. A declaration from Kendrick Bangs Kellogg made under penalty of perjury that he has not previously brought a lawsuit arising out of the same set of facts or the same transactional nucleus of facts asserted in the new complaint or, if they have brought such a lawsuit, the claims asserted in that lawsuit were not previously dismissed with prejudice.

3. If Kellogg requests leave of court in the manner required by ¶ 2, the Clerk shall then forward the complaint, letter, and copy of this Order to a reviewing Judge for a determination of whether the complaint should be accepted for filing. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied.

4. If Kellogg participates in the filing of a lawsuit without requesting leave of court, or requests such leave and is denied, the Clerk of Court shall not docket any such submission. The Clerk shall advise Kellogg and all other parties to the suit in writing that the submission has not been filed because Kellogg is not permitted to participate in lawsuits

before this Court without receiving advance permission. No filing fee shall be accepted in that case.

5. This Order shall not apply to any suit in which a licensed attorney represents Kellogg, or to any action in which Kellogg appears as a criminal defendant.

6. This Order shall remain in effect until further order by this Court. Kellogg may petition to repeal this Order after two years from the date of this order but must demonstrate in any such request that he has entirely ceased his practice of filing frivolous complaints.

**IT IS SO ORDERED.**

DATED: June 30, 2021

Hon. Cynthia Bashant
United States District Judge